UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:	Case No. 6:22-bk-02268-TPG
	Chapter 11
SHW17, INC.,

        Debtor.
_____/

**APPLICATION TO RETAIN FISHER AUCTION COMPANY
AS BROKER/AUCTIONEER**

Debtor, SHW17, INC., applies for an order authorizing the employment of Fisher Auction Company ("Fisher") as broker/auctioneer for the debtor-in-possession.

1.	Chapter 11 Case.  On June 27, 2022 Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.	Businesses of Debtor. The Debtor is a Delaware corporation whose sole and principal assets consist of real property in Winter Garden, Orange County, Florida. The Debtor owns three (3) contiguous parcels of real property, with a total of approximately 34.27 acres, nine (9) greenhouses, a warehouse and several small structures located at the following addresses: 17550 Davenport Road, Winter Garden, Florida 34787, 17599 Sandhill Road, Winter Garden, Florida 34787 and 17850 Lookout Hill Road, Winter Garden, Florida 34787 (collectively the "*Property*"). The Debtor purchased these properties with the intention of converting the project into a cannabis nursery.  However, the Debtor was unable to obtain the proper license.

3.	Qualifications. The Debtor wishes to employ Fisher as Broker/Auctioneer, with respect to soliciting and procuring prospective purchasers for the Property. Fisher has been selected because, as more fully set forth in the *Affidavit of Lamar Fisher as Broker/Auctioneer,* a copy of which is attached hereto as **Exhibit A** (the "*Affidavit"*), Fisher (a) has considerable experience in matters of this nature; (b) is well-qualified to provide the necessary services for the debtor-in-possession.

4.  <u>Compensation</u>.  As more fully set forth in the listing agreement attached hereto as **Exhibit B,** (the "*Listing Agreement*"), Fisher will be compensated as follows:

   a.  A fixed advertising and marketing expense in the amount of $10,000 to be reimbursed to Fisher at closing;

   b.  A sale commission to be paid out of a six percent (6%) buyer's premium that will be added to the final gross purchase price with the buyer's premium divided as follows: (i) three percent (3%) of the final bid price payable to Fisher; (ii) three percent (3%) of the final bid price payable to buyer's broker, if any; and (iii) if there is no buyer's broker, then the Bankruptcy Estate will receive one and one-half percent (1.5%) of the final bid price at closing; and (iv) Fisher will receive an additional one and one-half percent (1.5%) of the final bid price as closing.

   c.  Fisher has agreed to be compensated in accordance with the provisions set forth in 11 U.S.C. § 330 and will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and Orders of this Court. Compensation will be payable to Fisher subject to Order of this Court.

5.  <u>Disinterested</u>.  To the best of Debtor's knowledge, as disclosed in the Affidavit and this Application Fisher:

   a.  has no connection with Debtor, creditors, and any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee;

   b.  does not hold or represent any interest adverse to the estate; and

   c.  is a disinterested person.

6.  <u>Conclusion.</u> The Debtor believes that the retention of Fisher is in the best interest of the Debtor's estate and its creditors.  The Debtor requires a Broker/Auctioneer who specializes

in sales within the Court arena to ensure a smooth and orderly auction process. For over fifty years, Fisher has been serving numerous Governmental Agencies (multiple districts for the U.S. Bankruptcy Court, State Court Receiverships, Assignment for the Benefit of Creditors and the Federal Deposit Insurance Corporation), Major Corporations, Financial Institutions, Estates-Trusts, States, Counties, Municipalities, National-International Real Estate Brokerage Firms and Private Sellers across North America, the Commonwealth of Puerto Rico and the U.S. Virgin Islands with total sales in excess of four billion dollars. Fisher is therefore well-qualified to act as the Broker/Auctioneer to facilitate the sale of the Property. No prior application has been made for the relief requested herein to this or any other Court.

WHEREFORE, the Debtor respectfully requests the Court to enter an order authorizing the Debtor to retain Fisher as its Broker/Auctioneer with respect to soliciting and procuring prospective purchasers of the Property described in detail above and granting such other and further relief as is just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF or United States Mail, first class and postage prepaid, on parties not entitled to receive electronic notice, to all parties-in-interest listed on the attached Mailing Matrix this 21st day of July, 2022.

                         */s/ Aldo G. Bartolone, Jr.*
                         ALDO G. BARTOLONE, JR.
                         Florida Bar No. 173134
                         BARTOLONE LAW, PLLC
                         1030 N. Orange Ave., Suite 300
                         Orlando, Florida 32801
                         Telephone: 407-294-4440
                         Facsimile: 407-287-5544
                         E-mail: aldo@bartolonelaw.com
                         *Attorney for Debtor*

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In Re:                                    CASE NO.: 6:22-bk-02268-TPG
                                          Chapter 11
SHW17, INC.,

      Debtor.
_____/

## AFFIDAVIT OF LAMAR FISHER AS BROKER/AUCTIONEER FOR THE DEBTOR

STATE OF FLORIDA   )
                              ) SS:
COUNTY OF BROWARD  )

BEFORE ME, the undersigned authority, personally appeared Lamar Fisher who being first duly sworn under oath, deposes and states:

1. I am the President and CEO of Fisher Auction Company (the "Broker/Auctioneer"), located at 2112 East Atlantic Boulevard, Pompano Beach, Florida 33062 and am authorized to make this declaration on behalf of the corporation in accordance with Bankruptcy Rule 2014.

2. I am willing to accept employment by the Debtor, pursuant to 11 U.S.C. §327. I do not have an interest adverse to the Debtor or the Estate in regards to the matters for which I am to be employed, and I am a disinterested person within the meaning of 11 U.S.C. §101.

3. I do not have a pre-petition or other claim against the Estate.

4. I have not received a retainer from the Debtor, the Estate or from a third party.

5. I do not have any interests adverse to the Estate or the Debtor.

6. Neither I nor Fisher Auction Company nor any of its officers or directors, have or will represent any other entity in connection with this case, and neither I nor Fisher Auction Company will

1

accept any fee from any other party or parties in this case, unless otherwise authorized by the Court, and that same are disinterested persons within the meaning of 11 U.S.C. §327(a).

7. Fisher Auction Company is not a creditor of, and asserts no prepetition claim against, the Debtor.

8. Fisher Auction Company is duly licensed as an auctioneer and covered by Florida Auctioneer Recovery Fund and is authorized to conduct auctions in the State of Florida pursuant to Florida Statutes §468.381 et seq. or §468.387 for out-of-state auctioneers.

9. The Broker/Auctioneer is licensed and bonded as an auctioneer and is authorized to conduct auctions in the State of Florida pursuant to Florida Statutes §468.31 et seq. and is covered by the Florida Auctioneer Recovery Fund as required by Florida Statute §468.392. In addition, the Broker/Auctioneer maintains a blanket bond issued by a surety company approved by the Department of the Treasury in the amount of $1,000,000.00. The bond is in favor of the United States of America and the original bond has been forwarded to the Office of the United States Trustee. True copies of the appropriate licenses and bonds are attached hereto.

10. The Real Property subject to this proposed auction will not be sold together with any non-bankruptcy property.

11. That I further understand that the court, in its discretion, may alter the terms and conditions of employment and compensation as it deems appropriate.

12. This concludes my Declaration.

FURTHER AFFIDANT SAYETH NAUGHT.

Sworn to and subscribed before me this 11 day of July 2022.

_____
LAMAR FISHER
PRESIDENT/CEO

_____
NOTARY PUBLIC, STATE OF FLORIDA

ANDRE' LABAUVE
Commission # GG 249904
Expires October 15, 2022
Bonded Thru Troy Fain Insurance 800-385-7019

NOTARY PUBLIC, STATE OF FLORIDA
Print Name: Andre' LaBauve
Commission No.: GG249904
My Commission Expires: Oct 15, 2022

3

# EXHIBIT "B"

**EXCLUSIVE REAL ESTATE SALE / LISTING AGREEMENT**
**FOR SALE OF REAL PROPERTY**

| | |
|---|---|
| **Contract Date:** | |
| **Seller:** | SHW17, Inc., a Delaware Corporation, Paul King, Debtor In Possession, Chapter 11, United States Bankruptcy Court, Middle District of Florida-Orlando Division Case No. 6:22-bk-02268-TPG c/o Aldo G Bartolone, Jr., Debtor's Attorney |
| **Address:** | 1030 North Orange Avenue, Suite 300, Orlando, FL 32801 |
| **Telephone:** | 407-294-4440   **Fax:** 407-287-5544   **E-mail:** aldo@bartolonelaw.com |

**BROKER/AUCTIONEER:**   Fisher Auction Company, 2112 East Atlantic Boulevard, Pompano Beach, FL 33062-5208 • Tel: 954.942.0917 • Fax: 954.782.8143 • Email: info@fisherauction.com

Seller and Broker covenant and agree as follows:

**1.   LISTING:**
(a)   Seller hereby grants to Broker an Exclusive Right of Sale for the period commencing three (3) calendar days after the date of the order from the Bankruptcy Court approving the engagement of Broker ("Order") is issued and continuing ninety (90) calendar days from Contract Date on the real property specifically identified in Exhibit "A" attached to this Contract (the "Property"). Seller authorizes Broker to sell said Property via a stand-alone online U.S. Bankruptcy Court ("Court") Auction ("Auction") hereafter referred to as the "Sale".
(b)   This Contract shall be automatically extended for an additional forty-five (45) calendar days after the Sale to complete the procurement of a qualified buyer and close the sale during the post-Sale/contract process, (if necessary).
(c)   Broker's authority under this Contract shall be limited strictly to the promotion of the Property covered hereby; under no circumstances whatsoever shall Broker be authorized to make any representation or warranty on behalf of Seller except as is consistent with the Court Order to sell said Property or to bind Seller to any sales agreement or other contract.

**2.   TITLE:**
(a)   Seller holds title to the Property.
(b)   Seller represents that either fee simple title to the Property is marketable and insurable as of the date of this Contract or Seller shall take all necessary steps to deliver marketable and insurable title at closing of the Sale free and clear of all liens and monetary encumbrances through the Bankruptcy Court's Chapter 363 sale process. Fee simple title will be transferred via a Special Warranty Deed and/or a Bankruptcy Court Order. Seller shall have the right to provide Buyer, through its selected Escrow Agent-Settlement Agent, a title commitment and owner's policy at the Buyer's expense. Said expense will be at promulgated rate.
(c)   Pursuant to Bankruptcy Court order, Seller has full power and authority to enter into this Contract and convey title free and clear of all liens and monetary encumbrances.
(d)   There are no other outstanding listing contracts on the Property.

**3.   DISCLOSURE OF KNOWN DEFECTS:**
(a)   The Property is being sold in its "as is," "where is" and "what is" condition with all faults, with no guarantees or warranties, express or implied but shall be free of all liens, claims, encumbrances and other interests.
(b)   Seller acknowledges the seller of real property has the obligation under law to disclose any defects that affect the value of the property to any prospective purchaser of seller's property, and as a result, Seller represents and warrants that Seller is not aware of any facts or defects affecting the value of the Property.

**4.   GUARANTEES:**
(a)   Seller acknowledges that Broker has not made any commitments as to price the Property will bring at the Sale, nor does the Broker guarantee the sale of any property subject to this Contract.
(b)   Seller is entering into this Contract in reliance on Broker's special and unique abilities with respect to the sale of real property via the Auction process. Broker represents, warrants, and agrees, that they shall diligently and in good faith: (i) promote the Property and the Sale, (ii) prepare promotional materials, instructions, and releases for the Sale, consistent with this Contract and consistent with Seller's representations, (iii) provide forms to be used with respect to the Sale, (iv) provide reasonable services to respond to inquiries about the Property and the Sale, (v) organize and conduct the Sale, (vi) provide personnel to supervise the Seller approved Purchase and Sale Agreement executions from the Sale, provided an authorized agent of the Seller will actually sign the Purchase and Sale Agreement and related documents once receiving Court Approval (if necessary), and (vii) perform other services incident to the holding of the Sale, consistent with this Contract.

**5.   COMMISSIONS / FEES:**
(a)   A six percent (6%) Buyer's Premium will be added to the final bid price, and it will be included in the total contract price.
  The Buyer's Premium will be divided as follows:
  (i)   Broker will receive three percent (3%) of the final bid price as their earned real estate commission.
  (ii)  A Buyer's Broker will receive three percent (3%) of the final bid price as their earned real estate commission. If there is not a Buyer's Broker involved in the sale of the Property, Seller to receive an additional 1.5% of the final bid price and Broker to receive an additional 1.5% of the final bid price.
(b)   Seller is obligated to pay for the marketing campaign funds incurred for the Sale, as indicated below in the Promotional Funds Advanced.

**6.   CONDITIONS:**
(a)   Seller agrees that when executed by Seller and Broker, this Contract shall be binding on all parties, their heirs, personal representatives and assigns.
(b)   Any costs, including attorney's fees though appeal, of litigation for the enforcement of this Contract to be borne by the non-prevailing party.
(c)   Seller authorizes its designated Escrow Agent-Settlement Agent to accept and hold escrow deposits in escrow on all offer to purchase sale contracts including any bidder pre-qualification required escrow deposits.
(d)   If any escrow deposit made by the Buyer shall be forfeited, the amount of such escrow deposit shall be divided equally between Broker and Seller after Broker is reimbursed for any Promotional Funds Advanced by Broker.
(e)   Seller shall cooperate with Broker in good faith in carrying out the purpose of this Contract.
(f)   This Contract represents the full and final agreement between the parties. Representations or warranties not incorporated herein are not valid or enforceable. Statements or representations contained in advertising

_____/_____
Initial

materials do not constitute additions or amendments to the terms of this Contract.
(g) Seller's designee shall sign off on all promotional materials before any placement occurs.
(h) In the event of any inconsistency between the terms and provisions of this Contract and the terms and provisions of the Seller's approved Purchase and Sale Agreement as it relates to the obligations of the parties hereto to one another, the terms and provisions of any court order shall govern and control the rights and obligations of the parties.
(i) This Contract may be executed in several counterparts, each of which shall be deemed an original and all of which counterparts together shall constitute one and the same Instrument.
(j) If any provision of this Contract, or the application of such provision to any person or circumstances, shall be held invalid, the remainder of the Contract, or the application of such provision to persons or circumstances other than those to which it is held invalid, shall not be affected thereby.
(k) This Contract may be subject to the approval of the Court and if so, the Seller will promptly seek said approval.
(l) <u>Force Majeure</u>. Broker shall have no liability by reason of any delay or failure to perform any obligation if the delay or failure to perform is a result of force majeure or anything that is beyond Broker's control, including, but not limited to, Acts of God (including fire, flood, earthquake, storm, hurricane or other natural disaster), war, invasion, act of foreign enemies, hostilities, terrorist activities, acts of Government, embargo, power outage or other cause of nature beyond their control.
(m) <u>Governing Law/Jurisdiction/Venue</u>. This Contract shall be construed, enforced and governed by the laws of the State of Florida, without regard to choice of law and similar doctrines. Any legal suit, action or proceeding arising out of or relating to this Contract may only be instituted in the Court.

**7. SALE METHODOLOGY:**
<u>XXX</u>   **"SUBJECT TO CONFIRMATION"** – Property will be sold to the highest and best bidder with the Seller and/or the Court having the right to accept or not accept the final bid price.

**8. WAIVER OF JURY TRIAL:**
**AS INDUCEMENT FOR BROKER TO ENTER INTO THIS CONTRACT AND IN CONSIDERATION THEREOF, BROKER AND SELLER AGREE THAT, IN ANY ACTION OR PROCEEDING BROUGHT BY EITHER PARTY AGAINST THE OTHER ON ANY MATTERS WHATSOEVER ARISING OUT OF, OR BY VIRTUE OF THE TERMS OF THIS CONTRACT, BROKER AND SELLER SHALL, AND DO HEREBY, ABSOLUTELY AND CONDITIONALLY WAIVE TRIAL BY JURY.**

| | | | | |
|---|---|---|---|---|
| **Property Description:** | 34.27± Acres, Ten (10) Greenhouses, a Warehouse and multiple Small Structures | | | |
| **Street Addresses:** | See Attached Exhibit "A" | | | |
| **Legal Descriptions:** | See Attached Exhibit "A" | | | |
| **Sale Date:** | **Day:**   TBD | **Date:**   TBD | **Time:** | 11:00 AM ET to 1:00 PM ET |
| **2021 Real Estate Taxes:** | See Attached Exhibit "A" | | | |
| **Promotional Funds Advanced:** | Not to exceed $10,000.00. Within five (5) calendar days of Contract execution by all parties, Broker will provide Seller the detailed line by line marketing campaign budget for Seller's final approval. The approved marketing campaign funds will be advanced by Broker with the guarantee of reimbursement from the first proceeds of sale. | | | |
| **Special Considerations:** | 1) The immediate Back-Up Bidder shall remain intact until the successful Buyer completes their transaction. In the event of a default, they shall be required to perform under their transaction.<br>2) Broker will attempt to secure a acceptable Stalking Horse offer during the marketing period.<br>3) All terms of sale will be defined in the Court approved Bidding Procedures-Terms and Conditions of Sale.<br>4) Seller shall be responsible for any back real estate taxes due at closing.<br>5) The marketing of the Property will be presented as a "U.S. Bankruptcy Court Auction". | | | |

**Facsimile and electronic signatures of the parties to this Contract shall be treated as original signatures.**

**ACCEPTANCE BY THE UNDERSIGNED:**                    **SELLER: SHW17, Inc., a Delaware Corporation**

_____            _____
Witness

                                                                                    Name:   _____Paul King, President | CEO_____

                                                                                    Title:   _____Debtor-In-Possession_____

                                                                                    **BROKER: Fisher Auction Company**

_____            _____
Witness                                                                         Lamar P. Fisher, its President / CEO

_____/_____
Initials

**Exhibit "A"**

| | |
|---|---|
| **Description/Property 1:** | 4.79± Agricultural Acres with a 600± SF 1-story concrete structure and a 3,068± SF Warehouse. |
| **Address:** | 17550 Davenport Road, Winter Garden, Orange County, FL 34787 |
| **Legal Description:** | LAKE AVALON GROVES H/24 LOT 25 E |
| **2021 Real Estate Tax:** | $2,111.42 |
| **Property Record Number;** | 06-23-27-4284-05-250 |
| **2021 Tax Assessed Value:** | $133,438.00 |

| | |
|---|---|
| **Description/Property 2:** | 19.05± Agricultural Acres with a 736± SF 1-story concrete structure, Ten (10) Greenhouse's totaling 360,000± SF, and a 300± SF metal shed. |
| **Address:** | 17599 Sandhill Road, Winter Garden, Orange County, FL 34787 |
| **Legal Description:** | LAKE AVALON GROVES H/24 BEG SW COR OF LOT 28E RUN N 802.80 FT E 100 FT S 78.37 FT E 100 FT S 95.83 FT E 100 FT S 95.84 FT E 100 FT S 95.06 FT E 99.74 FT S 98.52 FT E 531.75 FT TO E LINE OF LOT 26E S 317 FT W TO POB BEING PT OF LOTS 26E 27E & 28E & LOT 29E IN LAKE AVALON GROVES 2ND REPLAT 4/86 |
| **2021 Real Estate Tax:** | $4,278.38 |
| **Property Record Number;** | 06-23-27-4284-05-281 |
| **2021 Tax Assessed Value:** | $270,555.00 |

| | |
|---|---|
| **Description/Property 3:** | 10.43± Agricultural Acres |
| **Address:** | 17850 Lookout Hill Road, Winter Garden, Orange County, FL 34787 |
| **Legal Description:** | LAKE AVALON GROVES H/24 LOT 30E & 31E (LESS N 10 AC) |
| **2021 Real Estate Tax:** | $148.54 |
| **Property Record Number;** | 06-23-27-4284-05-300 |
| **2021 Tax Assessed Value:** | $9,387.00 |

```
Label Matrix for local noticing          Orange County Tax Collector             Razbuton, Inc.
113A-6                                   200 S. Orange Avenue, Suite 1600        c/o Michael A. Paasch, Esq.
Case 6:22-bk-02268-TPG                   Orlando, FL 32801-3410                  Mateer & Harbert, P.A.
Middle District of Florida                                                       P O Box 2854
Orlando                                                                          Orlando, FL 32802-2854
Thu Jul 21 10:33:07 EDT 2022

SHW17, Inc.                              Certmax LLC                             Florida Department of Revenue
801 S. Miami Avenue                      8437 Tuttle Ave #407                    Bankruptcy Unit
Unit 1401                                Sarasota, FL 34243-2868                 Post Office Box 6668
Miami, FL 33130-4525                                                             Tallahassee FL 32314-6668


Industrial Lumber Sales Inc.             Industrial Lumber Sales Inc.            Internal Revenue Service
314 8th Street, NE                       P.O. Box 1870                           Post Office Box 7346
Moultrie, GA 31768-4013                  Moultrie, GA 31776-1870                 Philadelphia PA 19101-7346


Orange County Tax Collector              Orange County Utilities                 Pine Valley FL 2022 LLC
PO Box 545100                            9150 Curry Ford Rd.                     PO box 2483
Orlando FL 32854-5100                    Orlando, FL 32825-7600                  Hicksville, NY 11802-2483


Pine Valley One Real Estate, LLC         Razbuton, Inc.                          TLOA of Florida LLC
100 N LaSalle St, Suite 710              P.O. Box 783006                         P.O. Box 54077
100 N LaSalle St, Suite 710              Winter Garden, FL 34778-3006            New Orleans, LA 70154-4077
Chicago, IL 60602-5045


United States Trustee - ORL              Aldo G Bartolone Jr
Office of the United States Trustee      Bartolone Law, PLLC
George C Young Federal Building          1030 North Orange Avenue, Suite 300
400 West Washington Street, Suite 1100   Orlando, FL 32801-1004
Orlando, FL 32801-2210
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Certmax LLC                           (d)Orange County Tax Collector          (d)TLOA of Florida LLC
8437 Tuttle Ave.                         P.O. Box 545100                         PO Box 54077
#407                                     Orlando, FL 32854-5100                  New Orleans, LA 70154-4077
Sarasota, FL 34243-2868
```

End of Label Matrix
Mailable recipients    16
Bypassed recipients     3
Total                  19